IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| v. | : | |
| NICHOLAS PANARELLA, JR. | : | NO. 00-655 |

MEMORANDUM

McLaughlin, J. February 13, 2012

In August of 2011, this Court vacated Nicholas Panarella Jr.'s 2001 conviction, finding that his offense of conviction was no longer a crime pursuant to the Supreme Court's ruling in Skilling v. United States, 130 S. Ct. 2896 (2010). Panarella now seeks expungement, expunction, or other appropriate equitable relief to relive him of the "stigma of this conviction." Def.'s Mot. 2.

The Government first argues in opposition to Panarella's motion that this Court lacks jurisdiction to grant the relief sought. The Court disagrees. District Courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insur. Co., 511 U.S. 375, 377 (1994). Jurisdiction to consider expungement of criminal records, however, extends to cases in which "the predicate for the expunction is a challenge to the validity of either the arrest or conviction." United States v. Rowlands, 451 F.3d 173, 177 (3d Cir. 2006) (internal quotation omitted). None of the precedential decisions by the Court of

Appeals for the Third Circuit hold otherwise.

In <u>Noonan</u>, the defendant sought expungement of his criminal record following a presidential pardon. <u>United States v. Noonan</u>, 906 F.2d 952 (3d Cir. 1990). The Court of Appeals held that the court lacked jurisdiction, because the court's "inherent power" to grant expungement extended only to situations involving "an acquittal, an unconstitutional conviction or an abuse of power." <u>Id.</u> at 957. That dicta was undermined four years later when the Supreme Court clarified that district courts did not have any inherent judicial authority. <u>Kokkonen</u>, 511 U.S. 375. Instead, the Court held, a district court "possess only that power authorized by Constitution and statute" and in the exercise of ancillary jurisdiction. The latter is limited to two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; . . . and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." <u>Id.</u> at 379-80.

Thus in <u>Dunegan</u>, the Court of Appeals considered, post-<u>Kokkonen</u>, a district court's jurisdiction to grant expungement. The circuit court found that a district court had neither inherent authority or ancillary jurisdiction to expunge a criminal record "in the absence of a challenge to the legality of the conviction or arrest." <u>United States v. Dunegan</u>, 251 F.3d

2

477, 479 (3d Cir. 2001). The court explicitly did not rule on "whether a record may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or conviction." Id. at 480.

Finally, in Rowlands, the Court of Appeals explained that its Noonan and Dunegan holdings stood for the proposition that "we have jurisdiction over petitions for expungement in certain narrow circumstances—-namely, where the predicate for the expunction is a challenge to the validity of either the arrest or conviction." 451 F.3d at 177 (internal quotation omitted).

Other circuit courts have likewise held that district courts have jurisdiction to expunge criminal records based on an invalid or unconstitutional arrest or conviction. See, e.g., United States v. Meyer, 439 F.3d 855, 861-62 (8th Cir. 2006) ("A district court may have ancillary jurisdiction to expunge criminal records in extraordinary cases . . . to correct and injustice caused by an illegal or invalid criminal proceeding."); United States v. Sumner, 226 F.3d 1005, 1012 n.8 (9th Cir. 2000) ("Federal appellate courts have upheld the remedy of expunction of criminal records under . . . the constitution itself."); United States v. Robinson, No. 94-1945, 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996) ("[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions [and] convictions under statutes later deemed unconstitutional .

3

. . ."); see also Kowall v. United States, 53 F.R.D. 211, 212 (W.D. Mich. 1971) (granting expungement of the defendant's record on the grounds that his arrest and conviction were invalid under a subsequent Supreme Court decision).

This Court found that Panarella's conviction for conduct that is no longer a crime is "an error of the most fundamental kind such as to render the proceeding itself irregular and invalid." ECF No. 62 at 14 (internal quotations omitted). Because Panarella requests expungement on the grounds that his underlying conviction was invalid, this Court has jurisdiction to consider his request.

The remedy of expungement, however, is "confined to extreme circumstances" and "expunction of official records is not automatically granted for convictions overturned on constitutional grounds . . . ." Noonan, 906 F.2d at 957. In addition, although courts maintain control over judicial records, only in extreme circumstances do courts have the authority to interfere with the executive branch's responsibility to control its own records. Id. at n.6 (citing the Attorney General's record keeping responsibility identified in 28 U.S.C. § 534(a)).

In the Third Circuit, courts consider a number of factors in order to determine whether expungement is an appropriate remedy. This includes "the accuracy and adverse nature of the information, the availability and scope of

4

dissemination of the records, the legality of the methods by which the information was compiled, the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction, of the records, and the value of the records to the Government." Paton v. La Prade, 524 F.2d 862, 869 (3d Cir. 1975). If there is no adequate record for proper resolution of these questions, the court should not order expungement. Id.

Panarella has not made the necessary showing for expungement or other similar remedy. Panarella has presented no evidence of the Paton factors, including the "adverse nature" or "scope of dissemination" of the FBI records he seeks expunged. Nor has Panarella identified "extreme circumstances." Although this Court previously found that conviction for an act no longer unlawful can itself merit exceptional circumstances, that conviction is now vacated. Panarella alleges that the public generally understands the term "expungement" but not "vacating" and that this confusion makes it more difficult for him to resume his occupation and earn a living. The only evidence he offers is a New Jersey application to purchase a firearm which asks whether a conviction has been "expunged." Panarella does not offer evidence that he has been unable to obtain a firearm. He also does not allege any specific loss of economic or civic opportunities, the types of which this Court considered in awarding corum nobis.

5

Because he has not shown the "extreme circumstances" necessary for this Court to grant expungement or other similar remedy, Panarella's request is denied.

An appropriate order shall issue.